**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 13 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| DEBORA SORENSEN and TRACY SORENSEN, | No. 11-35329 |
| Plaintiffs - Appellants, | D.C. No. 3:10-cv-05408-RBL |
| v. | ORDER* |
| CREDIT INTERNATIONAL CORPORATION, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted August 6, 2012**
Seattle, Washington

Before: NOONAN, GRABER, and RAWLINSON, Circuit Judges.

Debora and Tracy Sorensen appeal the district court's award of attorneys'

fees in the amount of $250 to appellee Credit International Corporation on the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

basis that the district court did not allow sufficient time for appellants to file a response to appellee's motion for attorneys' fees.

Credit International Corporation filed its motion for attorneys' fees on Monday, March 14, 2011. Two days later, on March 16, the district court granted the motion in part and denied it in part. However, according to Local Rule 7(d)(3), the motion should have been noted for hearing no sooner than April 1, the third Friday after filing and service of the motion, and the Sorensens should have been given until Monday, March 28–the last Monday before the notice date–to file their opposition papers. Local Rules W.D. Wash. 7(d)(3).

The district court made the award of attorneys' fees without making a finding that the Sorensens brought their Fair Debt Collection Practices Act action in bad faith and for the purpose of harassment, as required by statute. *See* 15 U.S.C. § 1692k(a)(3); *Allers-Petrus v. Columbia Recovery Group, LLC*, No. C08-5533 (W.D. Wash. April 29, 2009).

Accordingly, the judgment of the district court is REVERSED and the case is REMANDED. On remand, the district court shall 1) allow the parties adequate time to fully brief appellee's motion for attorneys' fees before issuing its decision, and 2) make a finding regarding whether the Sorensens brought this action in bad faith and for the purpose of harassment.

2

The parties shall bear their own costs on appeal.

**REVERSED and REMANDED.**